

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable C. R. Pennington
Chairman, Board of Directors
Lower Colorado River Authority
Austin, Texas

Dear Sir:

> Opinion No. O-1783
> Re: Validity of the appointment of an offi-
> cer of a utility company to the Board
> of Directors of the Lower Colorado
> River Authority.

We received your letter dated January 5, 1940, re-
questing our opinion on the following question:

"Is a person eligible for appointment to the
Board of Directors of the Lower Colorado River Au-
thority who was an officer of a utility company
within three (3) years preceding the date of ap-
pointment?"

The records of the Secretary of State's office re-
veal that Mr. E. J. Crofoot was appointed, qualified, and
commissioned as a Director of the Lower Colorado River Auth-
ority on December 4, 1939.

The records of the Secretary of State's office re-
veal that Mr. E. J. Crofoot was President of the Interstate
Telephone Company, a domestic corporation, On April 26, 1937.

The records of the Secretary of State's office re-
veal that Mr. E. J. Crofoot was President of the Central West
Water & Power Company, a foreign corporation with a permit
to do business in Texas, on April 26, 1937.

The records of the Secretary of State's office re-
veal that Mr. E. J. Crofoot was President of the Interstate
Public Service Company, a foreign corporation with a permit
to do business in Texas, on April 26, 1937.

The records of the Secretary of State's office reveal that Mr. E. J. Crofoot was President of the Gulf Coast Water Company, a domestic corporation, on March 6, 1939.

Acts 1934, 43rd Legislature, 4th Called Session, Page 19, Ch. 7, creating the Lower Colorado River Authority, reads, in part, as follows:

"Provided that no person shall be eligible for such appointment if he has, during the preceding three (3) years before his appointment been employed by an electric power and light company, gas company, telephone company, or any other utility company of any kind or character whatsoever." (Underscoring ours)

Since the facts show that Mr. E. J. Crofoot was the President of the heretofore mentioned corporations during the preceding three (3) years before his appointment to the Board of Directors of the Lower Colorado River Authority, the determining question would seem to be whether or not he was employed by the said corporations within the meaning of the above quoted part of the Act creating the Lower Colorado River Authority.

The word "employed" has many meanings. It can mean any person who renders labor or service to another. Watson v. Mfg. Co., 30 N. M. Eq. 588. It could include every person in the service of a corporation without regard to his grade or rank, or the nature of his duties. In re Stryker et al, 53 N. E. 525. As used in its broadest sense, the word "employed" denotes every person who is in the service of a corporation. 38 L.R.A. 97 at page 113. The word "employed" denotes one who renders service. See Webster's New International Dictionary, Second Edition.

In Manfield and Firman Co. v. Manfield, 182 N. E. 539, the following language is found:

"In a technical sense, all persons who are officers and directors of a corporation are employees, for the reason that a corporation can only function through agents and employees, ..."

We quote from Abbott v. Lewis, 77 N. W. 94, as follows:

Hon. C. R. Pennington, Page 3

"... anyone employed by a corporation in any capacity may perhaps be considered an employee of the corporation (and if from the context such appeared to be the meaning, the officers of the corporation might be intended by the term under some circumstances) ..."

The question is: What is the sense in which the word "employed" is used in the above quoted part of the Act creating the Lower Colorado River Authority? Certainly this is to be determined from the context, and the apparent object and purpose of the provision.

It cannot be said that the president of a corporation is not in the service of the corporation. Is he not the agent of the corporation within the scope of powers delegated to him by the board of directors? Does he not enforce and defend the various rights of the corporation? Is he not promoting the interests of the corporation? We believe that these questions can only be answered in the affirmative.

The Legislature plainly indicated that all persons employed by a utility company within three years preceding the date of appointment should not be eligible for said appointment. Is there any sound and logical reason for saying that the officers of a utility company are not employed by that corporation within the meaning of the Act? We think not. We cannot believe that the Legislature intended that such a construction should be placed on the heretofore mentioned section of the Act. To the contrary, it would appear that there is a far greater reason for saying that the officers of a utility company are ineligible than there is for saying that only the subordinate employees, namely, the clerks, laborers and even the janitor, are ineligible. The possibility of mischief and evil arising out of the appointment of a subordinate employee of a utility company is far less compared to that of appointing an officer of a utility company who, no doubt, is a stockholder and who would be in a position to personally benefit from the appointment to the Board of Directors of the Lower Colorado River Authority.

We believe that we would be placing a strained and unreasonable construction on the Act if we should hold that the president of a utility company is eligible for said appointment when the statute plainly states that no person employed by any utility company whatsoever within three years preceding the date of appointment shall be eligible.

Hon. C. R. Pennington, Page 4

We call your attention to the following language found in 39 Tex. Jur. 172, et seq.:

"Reasonable construction.--An important rule to be observed in statutory interpretation is that an act should be given a fair, rational, reasonable, and sensible construction, considering its language and subject-matter, and with a view to accomplishing the legislative intent and purpose. In other words, construction should comport with common sense and justice, and irrational conclusions or deductions should be avoided. Contrariwise, according to the terms used in the decisions, a statute should not be given a 'forced,' 'fancy,' 'strained,' 'subtle' or 'technical' construction, nor one that is nonsensical or unreasonable, in the absence of compelling language found in the enactment."

We conclude and you are so advised that the appointment of Mr. F. J. Crofoot to the Board of Directors of the Lower Colorado River Authority is in direct violation of the hereinabove mentioned section of the Act creating the Lower Colorado River Authority. Mr. Crofoot is therefore ineligible for the appointment to the Board of Directors of the Lower Colorado River Authority.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Glenn R. Lewis_

Glenn R. Lewis
Assistant

By _Lee Shoptaw_

Lee Shoptaw

APPROVED JAN 26, 1940

LS:pbp

_Gerald C. Mann_

ATTORNEY GENERAL